ACCEPTED
15-25-00123-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/31/2025 10:31 AM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00123-CV**

_____

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/31/2025 10:31:53 AM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT

_____

**WHITTNEY FORD,**
*Plaintiff/Appellant,*

**v.**

**JIM DAVIS, IN HIS OFFICIAL CAPACITY AS INTERIM PRESIDENT OF THE UNIVERSITY OF TEXAS AT AUSTIN, AND THE UNIVERSITY OF TEXAS AT AUSTIN,**
*Defendants/Appellees*

_____

On Appeal from Cause No. D-1-GN-24-002171, in the
261st District Court of Travis County, Texas

_____

**CORRECTED APPELLEES' BRIEF**

_____

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | RACHEL BEHRENDT<br>Texas Bar No. 24130871<br>Assistant Attorney General |
| | General Litigation Division |
| BRENT WEBSTER<br>First Assistant Attorney General | P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548 |
| | Phone: (737) 467-1830 |
| RALPH MOLINA<br>Deputy Attorney General for Civil<br>Litigation | Fax: (512) 320-0667<br>Rachel.Behrendt@oag.texas.gov |
| KIMBERLY GDULA<br>Chief, General Litigation Division | *COUNSEL FOR UT DEFENDANTS* |

**ORAL ARGUMENT NOT REQUESTED**

**IDENTITY OF PARTIES AND COUNSEL**

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Defendants-Appellees (UT Defendants) herein provides this Court with the following list of parties and the names and addresses of all trial and appellate counsel:

| | |
|---|---|
| *Plaintiff-Appellant (Pro Se)* | Whittney Ford<br>4151 Wellborn Road<br>Apartment 1101A<br>Bryan, Texas 77801 |
| *Defendants-Appellees (UT Defendants)* | University of Texas at Austin and Jim Davis, President of University of Texas at Austin |
| *Attorney for Defendants-Appellees (UT Defendants) (trial and appeal)* | Rachel Behrendt<br>Texas Bar No. 24130871<br>Office of the Attorney General<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548 |
| *Defendant (not a party to this appeal)* | Ken Paxton, Texas Attorney General |
| *Attorneys for Defendant (not a party to this appeal)* | Martin Cohick<br>Texas Bar No. 24134042<br>Canon Hill<br>Texas Bar No. 24140247<br>Office of the Attorney General<br>Administrative Law Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548 |

# TABLE OF CONTENTS

Identity of Parties and Counsel ..................................................................... ii

Table of Contents .......................................................................................... iii

Index of Authorities ...................................................................................... vi

Statement Of The Case ...................................................................................1

Statement Regarding Oral Argument ..............................................................2

Issues Presented .............................................................................................3

Statement of Facts ..........................................................................................4

    I.    UT Austin received Ford's PIA request and forwarded it to UT System. ......4

    II.    UT Austin timely requested an OAG Letter Ruling on Plaintiff's PIA request. ..................................................................................................5

    III.    The OAG ruled that certain requested information is excepted from disclosure. ..............................................................................................6

    IV.    After receiving Ford's complaint about the OAG's open records ruling, the Travis County District Attorney's Office declined to file suit under Section 552.3215. ...............................................................................................7

    V.    Ford subsequently sued Davis and UT Austin for violations of the PIA. .......7

Summary of the Argument................................................................................9

Standard Of Review .......................................................................................11

    I.    Plea to the Jurisdiction..........................................................................11

    II.    Motion for Summary Judgment..............................................................13

Argument.......................................................................................................14

    I.    Ford's argumentation on appeal is limited to challenging the legal sufficiency of the grounds presented by UT Defendants. .............................14

    II.    Arguments that Ford does not raise in his opening brief on appeal are waived. ...............................................................................................15

    III.    Any evidence cited by Ford in his opening appellate brief that does not constitute timely filed, competent summary judgment evidence must be struck.................................................................................................16

    IV.    Sovereign immunity bars Ford's claims...................................................18

A. UT Defendants are entitled to sovereign immunity. ...................................19

B. Ford bears the burden to overcome UT Defendants' sovereign immunity. ...................................................................................................20

C. Tex. Gov't Code section 552.321 does not waive UT Defendants' sovereign immunity. ...................................................................................20

    1. UT System's briefing provided a sufficient explanation for why the remaining content of Ford's PIA request was excepted from disclosure under Tex. Gov't Code section 552.104(a). ...............................23

    2. UT Defendants have established that the information sought in Ford's PIA Request is excepted from disclosure under Tex. Gov't Code section 552.104(a). ...................................................................................30

D. Any waivers of sovereign immunity within Tex. Gov't Code section 552.321 are inapposite to Ford's claims against President Davis. .............31

E. Ford has not offered sufficient assertions of ultra vires acts. ....................32

    1. Davis acted within his legal authority. ...................................................34

    2. Davis did not fail to perform a ministerial act. .......................................35

    3. Ford's allegations of ultra vires acts raised for the first time on appeal should not be considered and also fail. ..................................................36

        a. Sufficient briefing was provided to the OAG. ...................................38

        b. Ford cannot establish a property right that Davis could have violated. ...............................................................................................39

        c. Davis had no duty to file Ford's requested information with the trial court for in camera inspection. ...........................................................41

V. Ford's claims are otherwise nonviable. ...................................................41

A. Ford cannot obtain mandamus relief against UT Defendants under section 552.321. ...................................................................................................42

    1. The prerequisites to filing a mandamus petition under section 552.321(a) were not met; therefore, Plaintiff is not entitled to a section 552.321 claim for a writ of mandamus against UT Defendants. .............43

    2. UT Defendants show that Plaintiff's requested information is not public information. ..........................................................................................44

iv

3. Ford cannot demonstrate a clear abuse of discretion or violation of duty imposed by law in the withholding of the requested information. .........45

VI. UT Defendants' summary judgment evidence in support of its PTJ and MSJ should not be struck. ...................................................................................45

    A. Professor Bhat's declaration is valid and does not present a fact issue. .....46

    B. Exhibit A to UT Defendants' PTJ and MSJ is valid and does not present a fact issue. ...................................................................................................47

    C. UT System's Final Brief to the OAG is valid and does not present a fact issue. ...........................................................................................................49

VII. The trial court did not commit reversible error or abuse its discretion regarding Ford's requests for judicial notice at the hearing. ..........................50

Prayer ...........................................................................................................................52

Certificate of Compliance ...........................................................................................54

## INDEX OF AUTHORITIES

**Cases**

*Andrade v. NAACP of Austin*,
345 S.W.3d 1 (Tex. 2011)................................................................. 19, 23, 33, 40

*Axtell v. Univ. of Tex.*,
69 S.W.3d 261 (Tex. App.—Austin 2002, no pet.)...............................................20

*Bailey v. Smith*,
581 S.W.3d 374 (Tex. App.—Austin 2019, pet. denied) .....................................40

*Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivisions Prop./*
*Cas. Joint Self–Ins. Fund,*
212 S.W.3d 320 (Tex. 2006)................................................................................20

*Bland Indep. Sch. Dist. v. Blue*,
34 S.W.3d 547 (Tex. 2000)...................................................................................11

*Bujnoch v. Nat'l Oilwell Varco, L.P.*,
542 S.W.3d 2 (Tex. App.—Houston [14th Dist.] 2017, pet. denied)...................15

*Cf. Patel v. Tex. Dep't of Licensing & Regul.*,
469 S.W.3d 69 (Tex. 2015)...................................................................................32

*City of Dallas v. Abbott*,
304 S.W. 3d. 380 (Tex. 2010)................................................................................5

*City of El Paso v. Abbott*,
444 S.W.3d 315 (Tex. App.—Austin 2014, pet. denied) .....................................21

*City of El Paso v. Heinrich*,
284 S.W.3d 366 (Tex. 2009)................................................................................32

*Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*,
307 S.W.3d 505 (Tex. App.—Austin 2010, no pet.)..................................... 33, 34

*Elliott-Williams Co. v. Diaz*,
9 S.W.3d 801 (Tex. 1999)................................................................... 12, 13, 41

*Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*,
586 S.W.3d 37 (Tex. App.—Houston [1st Dist.] 2019, no pet.)............. 30, 43, 44

*Felix v. Thaler*,
923 S.W.2d 650 (Tex. App.—Houston [1st Dist.] 1995, no writ) ................ 42, 45

*Goss v. Lopez,*
419 U.S. 565 (1975)..............................................................................................39

*Hafer v. Melo*,
502 U.S. 21 (1991)................................................................................................19

*Hall v. McRaven*,
508 S.W.3d 232 (Tex. 2017).............................................................. 33, 35

*Honors Acad., Inc. v. Tex. Educ. Agency*,
555 S.W.3d 54 (Tex. 2018).....................................................................39

*Klumb v. Houston Mun. Emps. Pension Sys.*,
458 S.W.3d 1 (Tex. 2015).......................................................................40

*McConnell v. Southside Indep. Sch. Dist.*,
858 S.W.2d 337 (Tex. 1993)....................................................................15

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
372 S.W.3d 629 (Tex. 2012)........................................................ 12, 13, 41

*Ortiz v. State Farm Lloyds*,
589 S.W.3d 127 (Tex. 2019)....................................................................13

*Pennhurst State School & Hosp. v. Halderman*,
465 U.S. 89 (1984)..................................................................................19

*Powell v. Knipp*,
479 S.W.3d 394 (Tex. App.—Dallas 2015, pet. denied)............................. 16, 37

*Ramos v. Tex. Dep't of Pub. Safety*,
35 S.W.3d 723 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) ...................19

*SmithKline Beecham Corp. v. Doe*,
903 S.W.2d 347 (Tex. 1995)........................................................ 12, 13, 41

*State v. Lueck*,
290 S.W.3d 876 (Tex. 2009).....................................................................13

*State v. Walker*,
679 S.W.2d 484 (Tex. 1984)....................................................... 42, 45

*Tabrizi v. City of Austin*,
551 S.W.3d 290 (Tex. App.—El Paso 2018, no pet.) .................................. 33, 34

*Tex. Ass'n of Bus. v. Tex. Air Ctr. Bd.*,
852 S.W.2d 440 (Tex. 1993).....................................................................11

*Tex. Dep't of Crim. Just. v. Miller*,
48 S.W.3d 201 (Tex. App.—Houston [1st Dist.] 1999)......................................11

*Tex. Dep't of Crim. Just. v. Miller*,
51 S.W.3d 583 (Tex. 2001).......................................................................11

*Tex. Dep't of Crim. Justice v. Rangel*,
595 S.W.3d 198 (Tex. 2020)....................................................................18

*Tex. Dep't of Ins. v. Reconveyance Svcs., Inc.*,
306 S.W.3d 256 (Tex. 2010)....................................................................32

*Tex. Dep't of Parks & Wildlife v. Miranda*,
   133 S.W.3d 217 (Tex. 2004)................................................................ 11, 12, 13, 19
*Tex. Dep't of Transp. v. Jones*,
   8 S.W.3d 636 (Tex. 1999)......................................................................18
*Tex. Dep't of Transp. v. Sefzik*,
   355 S.W.3d 618 (Tex. 2011)....................................................................32
*Texas Dept. of Transp. v. Sunset Transp., Inc.*,
   357 S.W.3d 691 (Tex. App.—Austin 2011, no pet.).................................... 33, 34
*Tex. Health & Human Services Comm'n v. Cooper*,
   683 S.W.3d 896 (Tex. App.—Austin 2024, pet. filed)..........................................19
*Tex. Nat. Res. Conservation Comm'n v. IT-Davy*,
   74 S.W.3d 849 (Tex. 2002)....................................................................18
*Town of Shady Shores v. Swanson*,
   590 S.W.3d 544 (Tex. 2019)........................................................ 18, 20, 42
*Univ. Interscholastic League v. Sw. Officials Ass'n, Inc.*,
   319 S.W.3d 952 (Tex. App.—Austin 2010, no pet.)............................................19
*Zamarron v. Shinko Wire Co.*,
   125 S.W.3d 132 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)........ 16, 37

**Constitutional Provisions**

Tex. Const. art. II, § 1.................................................................................11
Tex. Const. art. VII, § 10 ............................................................................19

**Rules**

Tex. R. App. P. 38.1.............................................................................. 15, 37
Tex. R. Civ. P. 166a .............................................................................. passim
Tex. R. Civ. P. 192.3..................................................................................48
Tex. R. Evid. 201 ......................................................................................51
Tex. R. Evid. 803(6)...................................................................................49
Tex. R. Evid. 902(10)............................................................................ 49, 50
 UTS 139 ............................................................................................. passim

**Statutes**

Tex. Educ. Code § 65.02........................................................................ 4, 21, 36
Tex. Educ. Code § 67.02..............................................................................19
Tex. Gov't Code § 552.001...........................................................................40
Tex. Gov't Code § 552.003..................................................................... 31, 32
Tex. Gov't Code § 552.201.................................................................... 34, 37

Tex. Gov't Code § 552.021 ..............................................................25

Tex. Gov't Code § 552.104 ........................................................ passim

Tex. Gov't Code § 552.203 ........................................................ 8, 34

Tex. Gov't Code § 552.204 ........................................................ 8, 37

Tex. Gov't Code § 552.222 ..............................................................4, 5

Tex. Gov't Code § 552.224 ........................................................ 8, 37

Tex. Gov't Code § 552.228 ..............................................................8

Tex. Gov't Code § 552.301 ........................................................ passim

Tex. Gov't Code § 552.302 ..............................................................8

Tex. Gov't Code § 552.3215 ..............................................................7

Tex. Gov't Code § 552.321 ........................................................ passim

Tex. Gov't Code § 552.3221 ........................................................ 37, 41

# STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the Case:* | Plaintiff-Appellant Whittney Ford (Ford) sued the University of Texas at Austin (UT Austin) and its President Jim Davis (Davis) (UT Defendants) and sought a writ of mandamus for UT Defendants alleged failure to comply with the Public Information Act (PIA). Ford's request sought information that in, part, was not subject to disclosure and therefore withheld by UT Defendants (the Information at Issue). After notice and hearing, the trial court dismissed all claims against UT Defendants. |
| *Trial Court:* | Cause No. D-1-GN-24-002171<br>Honorable Maria Cantú Hexsel<br>53rd Civil District Court<br>Travis County, Texas |
| *Trial Court Disposition:* | The trial court granted UT Defendants' Second Amended Plea to the Jurisdiction and Motion for Summary Judgment on July 17, 2025, after a hearing on July 15, 2025. CR. 773; RR. 1–67. |

1

**STATEMENT REGARDING ORAL ARGUMENT**

UT Defendants do not believe oral argument is warranted due to the straightforward nature of the issues on appeal. However, if the Court decides oral argument is necessary to resolve the issues before the Court, UT Defendants respectfully request to participate.

## ISSUES PRESENTED

1.    Whether the trial court properly granted UT Defendants' Second Amended Plea to the Jurisdiction and Motion for Summary Judgment.

2.    Whether UT Defendants are entitled to sovereign immunity from Ford's claims when the jurisdictional evidence before the Court conclusively negates his claims.

## STATEMENT OF FACTS

### I.  UT Austin received Ford's PIA request and forwarded it to UT System.

On December 4, 2023, Ford sent a request under the PIA (the Request) to UT Austin seeking information related to the U.S. Department of Transportation's University Transportation Center (UTC) Program grant competition.[1] Supp. CR. 605–610, 612–13. On December 5, 2023, Robert Bonner-Davis, Chief Public Information Coordinator for the Office of the Vice President for Legal Affairs at UT Austin, timely responded to Ford's request on behalf of UT Austin. Supp. Supp. CR. 608–613. In Bonner-Davis's response, he asked Ford "to clarify or narrow [the] request by providing [UT Austin] with more information about the particular records [sought]" in keeping with Texas Government Code section 552.222(b). Supp. CR. 608–610. That same day, Ford clarified his Request. Supp. CR. 607. UT Austin then sent the Request to The University of Texas System (UT System) to request an opinion from the Open Records Division of the Texas Attorney General's Office (OAG).[2] Supp. CR. 614.

---

[1] "The request was sent after business hours via email on Saturday, December 2, 2023, and is therefore, considered received on Monday, December 4, 2023, the next business day." CR. 614.

[2] The University of Texas at Austin is a component institution of UT System. *See* Tex. Educ. Code § 65.02. UT System operates under several sets of rules and regulations, including the U.T. Systemwide Policies ("UTS"). UTS 139 governs systemwide compliance with the PIA. As part of that policy, only the UT System "Office of General Counsel is authorized to submit a request for ruling and the corresponding briefing to the Attorney General on behalf of U.T. System or U.T. System institutions." UTS 139, § 11.

**II. UT Austin timely requested an OAG Letter Ruling on Plaintiff's PIA request.**

In accordance with Texas Government Code section 552.301(b), on December 19, 2023, Audra Gonzalez Welter, Assistant General Counsel at UT System, timely requested (on behalf of UT Austin) an open records ruling from the OAG regarding Plaintiff's request for information. Supp. CR. 614–617. *See* Tex. Gov't Code § 552.222(b); *City of Dallas v. Abbott*, 304 S.W. 3d. 380, 384 (Tex. 2010) (holding that when a governmental entity requests a clarification or narrowing of a request for public information in good faith, the ten-day period to request an attorney general opinion as to an exception to disclosure is measured from the date the request is clarified).

Gonzalez Welter copied Ford in this communication in accordance with section 552.301(d). Supp. CR. 616–617. In this request, UT System reserved "all the exceptions contained in Chapter 552 of the Texas Government Code," emphasizing that "[t]he University <u>does not waive any exception</u> we determine applicable after further review of the documents at issue." Supp. CR. 617 (emphasis original). On January 3, 2024, Gonzalez Welter timely submitted UT System's detailed final brief to the OAG, including responsive documents regarding Ford's request for

information.[3] Supp. CR. 616–621. Plaintiff was copied in this communication less the responsive documents in accordance with section 552.301(e-1). Supp. CR. 621. UT System's final brief indicated that UT Austin had released to Ford one item responsive to Ford's request but asserted that "the remaining responsive information is protected from disclosure under section 552.104 [of the Texas Government Code]." Supp. CR. 619. The brief then provided a detailed explanation for why the remaining content of Ford's request was excepted from disclosure under Section 552.104.[4] Supp. CR. 619–620.

### III. The OAG ruled that certain requested information is excepted from disclosure.

On March 5, 2024, Michelle Garza, Assistant Attorney General in the OAG's Open Records Division, published the OAG's open records ruling (the Letter Ruling) regarding Plaintiff's request for information from UT Austin. Supp. CR. 622–623; Tex. Gov't Code § 552.306. The Letter Ruling ordered that the heretofore withheld

---

[3] In calculating the deadline for UT System's final brief to the OAG (five days after UT System initially requested OAG's ruling) under section 552.301(e), UT System excluded December 25, 2023 through January 1, 2024, when UT Austin was closed for the Christmas and New Year holidays.

[4] In determining that Ford's request was excepted from disclosure under section 552.104, UT System (through UT Austin) had consulted the author and custodian of the requested information (Professor Chandrasekhar Bhat) about its nature. In his Declaration, Professor Bhat reiterates the information's nature. Supp. CR. 676–677.

6

content of Ford's request should remain excepted from disclosure under section 552.104(a). Supp. CR. 622–623.

**IV.    After receiving Ford's complaint about the OAG's open records ruling, the Travis County District Attorney's Office declined to file suit under Section 552.3215.**

Pursuant to section 552.3215(e) of the Texas Government Code, on March 11, 2024, Ford complained to both the Travis County District Attorney's Office (Travis County DA) and the OAG about the Letter Ruling. Supp. CR. 521–569. On March 26, 2024, Rob Drummond, Team Lead of the Public Integrity Unit of the Travis County District Attorney's Office, responded that the Travis County DA would not take up Ford's complaint. Supp. CR. 673–675. Specifically, Drummond stated:

> After reviewing your complaint and the associated documents, [the Travis County District Attorney's Office] has determined that there is not sufficient reason to believe that the University of Texas System has violated Chapter 552 of the Texas Government Code with respect to your request for information, and therefore this office will decline to file for injunctive or declaratory relief in the name of the State of Texas in district court in Travis County.

Supp. CR. 673.

**V.    Ford subsequently sued Davis and UT Austin for violations of the PIA.**

On April 5, 2024, Ford filed an Original Petition, naming Davis as one of several defendants. Supp. CR. 5–14. Ford filed an Amended Petition on May 16, 2024. Supp. CR. 29–95. On November 25, 2024, Ford filed a Second Amended Petition. CR. 120–239. In it, Ford asserts that UT Austin and Davis violated sections

7

552.203(1), 552.204, 552.224, 552.228, 552.301, 552.302, and 552.321(a) of the PIA as well as the Texas Constitution's "General Provisions" [Article XVI] and Ford's right to due process. CR. 132, 138–139. Ford seeks declaratory and injunctive relief against UT Austin and Davis for these alleged statutory and constitutional violations, including a writ of mandamus compelling them to publicly release all information responsive to Ford's request. CR. 139–41.

On April 24, 2025, UT Austin and Davis filed their Second Amended Plea to the Jurisdiction ("PTJ and MSJ"). Supp. CR. 577–679. On July 15, 2025, the trial court heard UT Austin and Davis's PTJ and MSJ. RR. 1–67. On July 17, 2025 the trial court entered an Order granting UT Austin and Davis's PTJ and MSJ. Supp. CR. 773.

## SUMMARY OF THE ARGUMENT

In granting the Second Amended Plea to the Jurisdiction and Motion for Summary Judgment (the "PTJ and MSJ") of Defendants-Appellees University of Texas at Austin ("UT Austin") and Jim Davis, President of UT Austin (collectively, "UT Defendants"), the trial court properly recognized (1) that UT Defendants' entitlement to sovereign immunity from all Ford's claims effectively stripped the court of its subject matter jurisdiction over the case and (2) that UT Defendants were entitled to judgment as a matter of law. Thus, the trial court did not err in granting UT Defendants' PTJ and MSJ.

On appeal, Ford maintains that he is entitled under Tex. Gov't Code section 552.321 to mandamus UT Defendants to release the information he seeks in his PIA request. But sovereign immunity bars Ford from mandamusing UT Defendants under this provision. In addition, Ford has not met the statutory prerequisites to entitle him to this mandamus relief. Here, the jurisdictional evidence conclusively demonstrates (1) that Ford's writ does not fall within the limited waiver of immunity found in section 552.321(a) and (2) Ford would not otherwise be entitled to this relief, even if immunity were waived because UT Defendants did not refuse to request a decision from the Office of the Texas Attorney General (OAG) nor refuse to disclose any information that the OAG determined to be public.

In addition, any hypothetical waiver to sovereign immunity under section 552.321 would be inapplicable because the claim lacks viability as the information sought, by its very nature, is excepted from disclosure.

Ford also contends that President Davis is liable for *ultra vires* acts because he did not release the information sought in Ford's PIA request. But the jurisdictional evidence conclusively demonstrates that sovereign immunity bars this *ultra vires* suit, as Davis did not fail to perform a ministerial duty or otherwise act outside of his legal authority.

For the aforementioned reasons, the trial court's decision should be affirmed and the case dismissed with prejudice accordingly.

**STANDARD OF REVIEW**

## I.  Plea to the Jurisdiction

A plea to the jurisdiction challenges the court's authority to determine the subject matter of the controversy. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Subject matter jurisdiction is essential to the authority of a court to decide a claim. *Tex. Ass'n of Bus. v. Tex. Air Ctr. Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Without subject matter jurisdiction, a court's decision is an advisory opinion, which is prohibited by the Texas Constitution. *Id.* at 444; *see* Tex. Const. art. II, § 1. Subject-matter jurisdiction is "never presumed and cannot be waived." *Id.* at 443–44.

"When a plea to the jurisdiction challenges the pleadings, [the court] determine[s] if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When reviewing a plea to the jurisdiction, a court should limit itself to the jurisdictional issue and avoid considering the merits of the claims. *Bland*, 34 S.W.3d at 552. The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Tex. Dep't of Crim. Just. v. Miller*, 48 S.W.3d 201, 203 (Tex. App.—Houston [1st Dist.] 1999), *rev'd on other grounds*, 51 S.W.3d 583, 589 (Tex. 2001). "If the pleadings affirmatively negate the existence of jurisdiction, then

a plea to the jurisdiction may be granted without allowing the plaintiff[] an opportunity to amend." *Miranda*, 133 S.W.3d at 227. On appeal, decisions on pleas to the jurisdiction are reviewed *de novo*. *Miranda*, 133 S.W.3d at 226 (Tex. 2004).

While a plea to the jurisdiction typically challenges "whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case," a plea to the jurisdiction can also "properly challenge the *existence* of those very jurisdictional facts." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (emphasis in original). "In those cases, the court can consider evidence as necessary to resolve any dispute over those facts, even if that evidence implicates both the subject-matter jurisdiction of the court and the merits of the case." *Id*. "In those situations, a trial court's review of a plea to the jurisdiction mirrors that of a traditional summary judgment motion." *Id.* To prevail on a motion for summary judgment, a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant that conclusively negates at least one essential element of its opponent's cause of action or proves all the elements of its defense is entitled to summary judgment on that claim. *Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999). A defendant need not, however, show that the plaintiff cannot succeed on any conceivable theory; the defendant is only required to meet the plaintiff's case as pleaded. *See SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995).

## II.    Motion for Summary Judgment

A jurisdictional challenge, including one premised on sovereign immunity, "may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment." *State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009) (quoting *Blue*, 34 S.W.3d at 554). The standard for a motion for summary judgment is the same as for a plea to the jurisdiction when the Court must make a factual determination to resolve a jurisdictional dispute. *Garcia*, 372 S.W.3d at 635; *Miranda*, 133 S.W. 3d at 227–28. To prevail on a motion for summary judgment, a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant that conclusively negates at least one essential element of its opponent's cause of action or proves all the elements of its defense is entitled to summary judgment on that claim. *Elliott-Williams Co.*, 9 S.W.3d at 803. A defendant need not, however, show that the plaintiff cannot succeed on any conceivable theory; the defendant is only required to meet the plaintiff's case as pleaded. *See SmithKline Beecham Corp.*, 903 S.W.2d at 354. On appeal, decisions on motions for summary judgment are reviewed *de novo*. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019).

**ARGUMENT**

On appeal, Ford argues that the trial court erred as a matter of law in granting the Second Amended Plea to the Jurisdiction and Motion for Summary Judgment (the "PTJ and MSJ") of Defendants-Appellees University of Texas at Austin ("UT Austin") and Jim Davis, President of UT Austin (collectively, "UT Defendants"), because UT Defendants allegedly botched his PIA request. Appellant's Am. Br. 16–44. He claims that this entitles him to a writ of mandamus under Tex. Gov't Code section 552.321 to compel UT Defendants to release the information he seeks in his PIA request. Appellant's Am. Br. 18–30. Ford also claims that the requested information must be released because President Davis acted *ultra vires*. Appellant's Am. Br. 31–35. But the jurisdictional facts establish the opposite, entitling UT Defendants to sovereign immunity from Ford's claims and judgment as a matter of law.

**I.** **Ford's argumentation on appeal is limited to challenging the legal sufficiency of the grounds presented by UT Defendants.**

Under Tex. R. Civ. P. 166a(c), a non-movant's response to a Motion for Summary Judgment must be filed at least seven days before the hearing, and the non-movant's subsequent argumentation is limited to the scope of the response. *Id.* ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal"). A non-movant

who fails to respond "is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant." *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 343 (Tex. 1993). Accordingly, the non-movant "may not urge on appeal 'any and every new ground that he can think of.'" *Bujnoch v. Nat'l Oilwell Varco, L.P.*, 542 S.W.3d 2, 4 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (quoting *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979)).

Ford failed to file a timely response to UT Defendants' PTJ and MSJ. Rather, since the PTJ and MSJ's filing, Ford filed several disjointed affirmative motions in which, among other things, he peppers in various objections to the PTJ and MSJ. CR. 247–588. UT Defendants assert that these motions should be treated according to how they been filed—separate motions, not responses to the PTJ and MSJ. Accordingly, Ford is limited to arguing the legal sufficiency of UT Defendants' grounds for summary judgment. *McConnell*, 858 S.W.2d at 343. But to the extent that the Court might take the arguments made in these motions into consideration as objections to UT Defendants' summary judgment evidence, UT Defendants will address them if they are argued in Ford's appellate brief.

## II. Arguments that Ford does not raise in his opening brief on appeal are waived.

Arguments that are not raised in an appellant's opening brief on appeal are waived. *See* Tex. R. App. P. 38.1(f), (i) (appellant's brief "must state concisely all

15

issues or points presented for review" and "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record[ ]"); *Powell v. Knipp*, 479 S.W.3d 394, 408 (Tex. App.—Dallas 2015, pet. denied); *Zamarron v. Shinko Wire Co.*, 125 S.W.3d 132, 139 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Accordingly, Ford has waived all arguments, including numerous statutory claims, that he has not included in his opening appellate brief. On appeal, Ford limits his claims to his mandamus claim under Tex. Gov't Code section 552.321 against both UT Defendants and his *ultra vires* claim against Davis. Appellant's Am. Br. 16.

III.   **Any evidence cited by Ford in his opening appellate brief that does not constitute timely filed, competent summary judgment evidence must be struck.**

Any evidence attached to Ford's appendix to his opening appellate brief must be struck. Ford improperly attaches 438 pages of evidence in an appendix to his opening appellate brief. This evidence is not a part of the Clerk's Record or the Reporter's Record, let alone timely introduced summary judgment evidence under Tex. R. Civ. P. 166a(d). Accordingly, UT Defendants object that the contents of said appendix constitute incompetent summary judgment evidence that must be struck and not considered in deciding this appeal.

Further, Ford's Statement of Facts cite to evidence he attached to his pleadings and a response to another filing (*e.g.*, CR. 41, Supp. CR. 182–220) which were not

16

timely filed as summary judgment evidence under Tex. R. Civ. P. 166a(d).[5]

Appellant's Am. Br. 7–13. He also cites to URL links (*e.g.,* https://www.transportation.gov/content/university-transportation-centers; https://www.transportation.gov/utc/current-competition; https://www.transportation.gov/rural/grant-toolkit/university-transportation-center-utc-program-2022-2026-grants; https://www.texasattorneygeneral.gov/sites/default/files/files/divisions/opengovernment/publicinfo_hb.pdf) whose contents were not timely filed as summary judgment evidence under Tex. R. Civ. P. 166a(d). Appellant's Am. Br. 7–13, 20, 22, 24, 40. UT Defendants object that the aforementioned pleadings attachments and URL links constitute incompetent summary judgment evidence that must be struck and not considered in deciding this appeal.

Ford also discusses the alleged contents of "evidence I had just received on July 14, 2025, less than a full 24 hours before the hearing on [UT Defendants' PTJ and MSJ]." Appellant's Am. Br. 28. UT Defendants object that this "evidence"

---

[5] CR. 41 and Supp. CR. 182–220 were attachments to Ford's Opposition to Jay Hartzell's Plea to the Jurisdiction and Ford's Second Amended Petition, respectively. CR. 9–60, Supp. CR. 120–239. Since Ford not timely attached them as summary judgment evidence to UT Defendants' PTJ and MSJ that is on appeal, they are therefore not competent summary judgment evidence under Tex. R. Civ. P. 166a(c) and (d). Ford also incorrectly claims that UT Defendants "combined their original October 28, 2024, pleas and motions into one, where is incorporated the same points, and same exhibits" within their PTJ and MSJ. Appellant's Am. Br. 3. On the contrary, UT Defendants' PTJ and MSJ is not identical to its October 28, 2024 filings; rather the PTJ and MSJ was filed in response to Ford's Second Amended Petition filed on November 25, 2024, in which he introduced new arguments and claims.

17

constitutes untimely, incompetent summary judgment evidence under Tex. R. Civ. P. 166a(d) that must be struck and not considered in deciding this appeal. Similarly, Ford's discussion regarding his denied motions to compel discovery should not be considered as these motions are not on appeal. Appellant's Am. Br. 28, 35.

But even if Ford's incompetent summary judgment were judicially noticed or admitted, it would not raise a genuine issue of material fact nor change the outcome for the reasons discussed throughout this brief.

## IV.   Sovereign immunity bars Ford's claims.

"Sovereign immunity implicates a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Crim. Justice v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020) (internal quotation omitted). It provides immunity both from suit and from liability. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). "A plaintiff has the burden to affirmatively demonstrate…a waiver of sovereign immunity in suits against the government." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) (internal citations omitted). Unless the State expressly consents to suit, sovereign immunity from suit defeats a trial court's subject matter jurisdiction in an action against the State or an agency or arm thereof, and a court must dismiss with prejudice. *See Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999); *Tex. Health & Human Services Comm'n v. Cooper*, 683 S.W.3d 896, 899 (Tex. App.—

18

Austin 2024, pet. filed); *Ramos v. Tex. Dep't of Pub. Safety*, 35 S.W.3d 723, 734 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (citing *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex. App.—Austin 1998). Nor will a waiver to sovereign immunity apply if the claim pled is not viable. *See Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011); *Miranda*, 133 S.W.3d at 226–28.

A.     *UT Defendants are entitled to sovereign immunity.*

*First*, as president of UT Austin, Davis is an officer of a state agency, *see* Tex. Educ. Code § 67.02, and has sovereign immunity absent a valid waiver, *see Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843–44 (Tex. 2007) ("When a state official files a plea to the jurisdiction, the official is invoking the sovereign immunity from suit held by the government itself."). "It is well-established that public officials sued in their official capacities are protected by the same sovereign or governmental immunity as the governmental unit they represent." *Id.* at 843–44 (Tex. 2007); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

*Second*, UT Austin is a governmental entity entitled to sovereign immunity. *See* Tex. Const. art. VII, § 10; Tex. Educ. Code §§ 65.02(a)(2) and 67.02; *Univ. Interscholastic League v. Sw. Officials Ass'n, Inc.,* 319 S.W.3d 952, 957 (Tex. App.—Austin 2010, no pet.); *see also Ben Bolt–Palito Blanco Consol. Indep. Sch.*

19

*Dist. v. Tex. Pol. Subdivisions Prop./ Cas. Joint Self–Ins. Fund,* 212 S.W.3d 320, 324 (Tex. 2006); *Axtell v. Univ. of Tex.,* 69 S.W.3d 261, 267 (Tex. App.—Austin 2002, no pet.). As such, UT Austin is immune from suit unless sovereign immunity has been waived. *Shady Shores*, 590 S.W.3d at 550.

**B.** **Ford bears the burden to overcome UT Defendants' sovereign immunity.**

As plaintiff, Ford bears the burden of proof to demonstrate that UT Defendants' sovereign immunity is waived. *Shady Shores,* 590 S.W.3d at 550. On appeal, Ford has whittled down the waivers of sovereign immunity he asserts but still fails to properly plead any of them. Specifically, Ford asserts that UT Defendants' sovereign immunity is waived under Tex. Gov't Code section 552.321(a), and that President Davis is liable for *ultra vires* acts. Appellant's Br. 18–27, 29–35. Ford's failures to establish these alleged waivers of UT Defendants' sovereign immunity will be addressed in turn.

**C.** **Tex. Gov't Code section 552.321 does not waive UT Defendants' sovereign immunity.**

Section 552.321 provides for a writ of mandamus compelling a governmental body to release public information to a requestor. Tex. Gov't Code § 552.321(a). A governmental body's entitlement to sovereign immunity under the statute is waived only when it (1) "refuses to request an attorney general's decision" or (2) "refuses to supply public information or information that the attorney general has determined is

20

public information that is not excepted from disclosure." Tex. Gov't Code § 552.321(a). *See also City of El Paso v. Abbott*, 444 S.W.3d 315, 321 (Tex. App.—Austin 2014, pet. denied).

Ford alleges that

> [b]ecause the University omitted necessary language in its final brief to the Office of attorney general, the University failed to 'state' an exception as required by Tex. Gov't Code § 552.301(e)(1)(A) and thus refused to request an attorney general's decision as provided by Subchapter G of the TPIA, activating the waiver of sovereign immunity under Tex. Gov't Code § 552.321(a).

Appellant's Am. Br. 18.

Here, the jurisdictional evidence conclusively demonstrates that Ford's writ does not fall within the limited waiver of immunity found in section 552.321 because UT Defendants did *not* refuse to request a decision from the OAG nor did they refuse to disclose any information that the OAG determined to be public. In keeping with Texas Government Code section 552.301(b), on December 19, 2023, UT System timely requested an open records ruling to the OAG on behalf of UT Defendants regarding Ford's PIA request.[6] Supp. CR. 614–615. Likewise, in accordance with

---

[6] Ford is incorrect to suggest that fact issues exist as to UT System's authority to handle Ford's PIA request and "when [UT Austin] identified and exemption and when did it transfer this exemption to [UT System] in order to request an attorney general's opinion?" Appellant's Am. Br. 22, 30. UT Austin is a component institution of UT System. *See* Tex. Educ. Code § 65.02. UT System operates under several sets of rules and regulations, including the U.T. Systemwide Policies ("UTS"). UTS 139 governs systemwide compliance with the PIA. As part of that policy, only the UT System "Office of General Counsel is authorized to submit a request for ruling and the corresponding briefing to the Attorney General on behalf of U.T. System or U.T. System

section 552.301(e), on January 3, 2024, UT System timely submitted to the OAG a final brief properly delineating an exception to disclosure under Tex. Gov't Code section 552.104(a) with written comments stating the reasons why the stated exception applies that would allow the requested information to be withheld. Supp. CR. 618–621. The final brief also included responsive documents regarding Ford's PIA request (for the OAG's review only), and UT Austin released one item in Ford's PIA request. Supp. CR. 618–621. When the OAG ruled that Ford's remaining requested information was excepted from disclosure, UT Austin abided by the OAG ruling and did not release any further requested information. Supp. CR. 622–623. And Ford cannot establish that this requested information constitutes public information. As discussed below, UT Defendants' summary judgment evidence establishes that Ford's contentions regarding the public nature of the requested information are incorrect as a matter of law. Accordingly, since Ford has failed to establish a waiver of sovereign immunity to his Section 552.321 claim brought against UT Defendants, it should be dismissed for lack of subject matter jurisdiction.

In addition to the fact that sovereign immunity bars Ford's section 552.321 claim because Ford cannot establish a waiver of sovereign immunity under section

---

institutions." UTS 139, § 11. Accordingly, UT System was authorized to submit briefings to the OAG on behalf of UT Austin regarding Ford's PIA request. Thus, after UT Austin received Ford's clarified PIA request on December 5, 2023, it promptly sent the request to The University of Texas System (UT System) to request an opinion from the Open Records Division of the Texas Attorney General's Office (OAG). Supp. CR. 614. In doing so, UT System, not UT Austin, identified any exceptions to disclosure in the briefings sent to the OAG. Supp. CR. 614–621.

552.321(a) or otherwise, any hypothetical waiver to sovereign immunity under this statute would be inapplicable because the claim lacks viability. *See Andrade*, 345 S.W.3d at 11 (Tex. 2011). As will be explained in depth, Ford's claims are not viable because the information sought, by its very nature, is excepted from disclosure.

1. *UT System's briefing provided a sufficient explanation for why the remaining content of Ford's PIA request was excepted from disclosure under Tex. Gov't Code section 552.104(a).*

Ford alleges that UT Defendants did not request a ruling from the OAG on Ford's PIA request because their final brief did not properly state any exceptions to disclosures. Appellant's Am. Br. 18–23, 25–27, 30, 34, 37–38. To begin, the fact that initial and final briefs were submitted to the OAG is enough for UT Defendants to have satisfied section 552.321(a)'s requirement that an OAG ruling be requested. Supp. CR. 614–615, 618–621. In addition, contrary to Ford's groundless accusations, the jurisdictional facts are clear: this briefing provided a sufficient and accurate explanation for why the remaining content of Ford's PIA request was excepted from disclosure under Tex. Gov't Code section 552.104(a). Supp. CR. 614–623, 676–677. No material fact issues exist on this point or otherwise.

The PIA provides that a governmental body requesting an open records ruling from the Texas Attorney General (the "OAG") must submit to it (and provide a copy for the original requestor with) "written comments stating the reasons why the stated exceptions apply that would allow the information to be withheld" "no later than the

15th business day after the date of receiving the written request." Tex. Gov't Code §§ 552.301(e)(1)(A), (e-1). Through UT System's actions, UT Austin timely provided the OAG and Ford with written comments that adequately stated and explained the exceptions to disclosure of Ford's requested information.

In UT System's December 19, 2023, request for ruling, it reserved "all the exceptions contained in Chapter 552 of the Texas Government Code," emphasizing that "The University does not waive any exception we determine applicable after further review of the documents at issue." Supp. CR. 615 (emphasis original). Fifteen business days after receiving Ford's clarified PIA request (January 3, 2024), UT System submitted to the OAG a detailed final brief that included a *two-page explanation* for why the remaining content of Ford's request was excepted from disclosure under section 552.104.[7] Supp. CR. 619–620; § 552.301(e)(1)(A). UT System copied Ford in this communication less any responsive documents. Supp. CR. 621; § 552.301(e-1).

Contrary to Ford's argument, UT System's briefs to the OAG were accurate in interpreting Tex. Gov't Code section 552.104(a). Ford maintains that UT System was "deceitful" because its summation of section 552.104(a) did not include the

---

[7] In calculating the deadline for UT System's final brief to the OAG (fifteen days after UT System initially requested OAG's ruling) under section 552.301(e), UT System excluded December 25, 2023 through January 1, 2024, when UT Austin was closed for the Christmas and New Year holidays.

24

words "demonstrate" or "ongoing." Appellant's Am. Br. 25. This allegation of a fact

issue is unsubstantiated, as can be seen from the statutory text itself. Section

552.104(a) reads:

> Information is excepted from the requirements of Section 552.021 if a governmental body demonstrates that release of the information would harm its interests by providing an advantage to a competitor or bidder in a particular ongoing competitive situation or in a particular competitive situation where the governmental body establishes the situation at issue is set to reoccur or there is a specific and demonstrable intent to enter into the competitive situation again in the future.

Tex. Gov't Code § 552.104(a). In contrast, UT System's reiteration of the statute in

its final brief to the OAG reads:

> Section 552.104 allows a governmental body to withhold information that, if

released:

> would harm its interests by providing an advantage to a competitor or bidder in a particular competitive situation or in a particular competitive situation where the governmental body establishes the situation at issue is set to reoccur or there is a specific and demonstrable intent to enter into the competitive situation again in the future.
>
> Tex. Gov't Code § 552.104(a).

Supp. CR. 619. There are three scenarios in which the exception to disclosure under

Section 552.104(a) applies. UT System explicitly delineated in its briefing to Ford

that the latter two scenarios applied: UT Austin intended to enter the competitive

situation again in the future, and the competitive situation was set to reoccur. Supp.

25

CR. 619–620. Indeed, UT System's final brief clearly states that "[t]he competition for UTC grants is fierce and happens once every 5 years" and that

> the submitted information [that Ford requests] reveals specific research ideas and projects the University plans to undertake as part of the center in the areas of technology transfer and education/workforce development activities. Indeed, the research and activities may continue to be pursued as part of a follow-up proposal in the future.

Supp. CR. 620. That "ongoing" was not included in UT System's reiteration of the statute is negligible, as that scenario (an ongoing competitive situation) was not applied by UT System as the exception to disclosure under the statute. Likewise, that "demonstrate" is not included in the statute's reiteration is inconsequential, as it still clearly conveys what must be shown for the exception to disclosure to occur.

Further, contrary to Ford's contention that "none of the submitted comments demonstrated any harm to the University," UT System's briefing explains in depth the harms of disclosing the requested information:

> The information we have submitted concerns a collaborative effort for a highly competitive grant competition and funding opportunity. If the details pertaining to this research project were made public, the University's ability to compete with other research facilities to gain research funding would be undermined. In all future competitions, the University would be at a decided disadvantage in comparison to private entities and universities that are not subject to the Act. Further, releasing details about the specifics of the types of technologies and processes under research would facilitate the misappropriation of these discoveries by outside parties, further harming the University's standing . . . Revealing information contained in the submitted documents could cause irreparable financial harm to the University by compromising its ability to gain necessary grant funding.

26

Supp. CR. 620.

Ford also alleges that UT System's final brief was inadequate based on a URL link provided therein. Appellant's Am. Br. 22–23. Specifically, Ford claims that the URL link renders the brief as "inadmissible evidence" since the webpage the URL connects to (titled "University Transportation Center (UTC) Program 2022-2026 Grants) includes information relating to a 2023 UTC grant eligible in states not including Texas. Appellant's Am. Br. 22–23. To begin, the Court should not consider this argument since the contents of the webpage connected to the URL link that Ford now references have not been timely included in any summary judgment evidence. Tex. R. Civ. P. 166a(d).[8] Relatedly, Ford's objection to the admissibility of UT System's final brief as summary judgment evidence is untimely under Tex. R. Civ. P. 166a(c) and does not constitute a valid objection under the Texas Rules of Evidence.

Moreover, the URL link's inclusion in UT System's final brief does not create a fact issue, as it does not in any way suggest that said brief was inadequate such that it would not constitute a request for the OAG's ruling on Ford's PIA request.

---

[8] While the trial court took judicial notice of this URL link to the extent that it "shows the closure date of the particular opportunity status you [Ford] are referring to," (RR. 42) the fact that a competitive situation has passed does not preclude the other independent grounds for Tex. Gov't Code section 552.104(a)'s exception to disclosure that apply to the information sought in Ford's PIA request: "a particular competitive situation where the governmental body establishes the situation at issue is set to reoccur or there is a specific and demonstrable intent to enter into the competitive situation again in the future." Tex. Gov't Code section 552.104(a).

27

Notably, the URL link *also* provides general information about all the UTC Program's 2022-2026 Grants, which is what the final brief directly quotes and provides the URL link for. Supp. CR. 620. Ford is seeking information related to a 2022 UTC grant. Appellant's Br. 7–8; Supp. CR. 618–619. The fact that this webpage happens to include information about another grant in the program does not somehow render the final brief "inadmissible" or even inaccurate, since the final brief explicitly references the URL link for the general information it provides about the UTC Program's 2022-2026 Grants. Supp. CR. 620.

Still attacking the exception to disclosure to his PIA request, Ford additionally contends that UT Austin did not meet its summary judgment burden because "the University offered nothing more than conclusory assertions" that "a particular exception applies" to his PIA request and that "the University [did not] explain any exhibit under any detail at the July 15, 2025 hearing." Appellant's Br. 20. As can be seen from the record and this brief, UT Defendants' PTJ and MSJ more than adequately explained why Tex. Gov't Code section 552.104(a) applied, through their own briefing and its incorporated summary judgment evidence. Supp. CR. 577–679. Further, counsel for UT Defendants did explain the summary judgment evidence at the July 15, 2025 hearing, and aside from this, the trial court also considers the written briefing and summary judgment evidence in making its decision. RR. 10–31, 61–65.

28

Ford also argues that "there is no way of knowing whether [UT Austin] requested a decision or not" because Exhibit A in its summary judgment evidence (Supp. CR. 605–611) "includes a blank exemption portion, with drop down arrow obscured from view and various other information whitewashed." Appellant's Am. Br. 21. Ford ignores the obvious: that UT Defendants included the actual briefings sent to the OAG in their summary judgment evidence. Supp. CR. 614–621. Further, Exhibit A was submitted only to provide Ford's initial correspondence with UT Austin clarifying the information he sought in his PIA request (Ford's Public Information Request, dated December 2, 2023; UT System's Clarification Request, dated December 5, 2023; and Ford's Response to UT System's Clarification Request, dated December 5, 2023). Supp. CR. 605–611. Exhibit A consists of screenshots capturing this correspondence, which happened to be stored on UT Austin's internal document management system as found in its webpage portal. Supp. CR. 605–611. The fact that additional information from the webpage portal was or was not included is inapposite; the purpose of Exhibit A was to produce copies of the aforementioned correspondence—*not* other elements of the webpage portal. In evaluating the applicability of any exemptions to disclosure, the Court need only evaluate the reasons as submitted by UT System and the OAG, not the former's internal document management system as found in its webpage portal. Ford's untimely objection to Exhibit A is further discussed in Section VI.B below.

29

For the above reasons, the summary judgment evidence clearly demonstrates that UT System submitted proper briefs to the OAG concerning Ford's PIA request. In no ways did these submitted briefs somehow constitute a refusal to request the OAG's ruling under Tex. Gov't Code section 552.321(a).

        2.      *UT Defendants have established that the information sought in Ford's PIA Request is excepted from disclosure under Tex. Gov't Code section 552.104(a).*

UT Defendants' summary judgment evidence establishes that Ford's contentions regarding the public nature of the requested information are incorrect as a matter of law. Ford's claims are not viable and are thus barred by sovereign immunity because the information sought, by its very nature, is excepted from disclosure.

As discussed above, UT System's final brief demonstrates that UT Defendants have met their burden in proving that Ford's requested information is nonpublic information under Tex. Gov't Code section 552.104(a). Supp. CR 618–621. *See Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*, 586 S.W.3d 37, 48 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *Adkisson v. Paxton*, 459 S.W.3d 761, 772 (Tex. App.—Austin 2015, no pet.)). Additionally, UT System's initial brief to the OAG, (Supp. CR. 614–615) the OAG's Letter Ruling (Supp. CR 622–623), and Professor Bhat's Declaration (Supp. CR 676–677) likewise establish the nonpublic nature of Plaintiff's requested information by explaining the particular nature of the

documents that are responsive to Ford's PIA Request and why these documents are excepted from disclosure under section 552.104(a). UT System based its decision (to withhold the requested information under section 552.104) on the information's nature as assessed by its author, custodian, and party responsible for coordinating the grant competition bidding process involving the information, Professor Chandrasekhar Bhat ("Bhat"). Supp. CR 676–677. In particular, Professor Bhat has determined that release of Plaintiff's requested information would provide advantage to a competitor, that he anticipated that the competitive situation was set to reoccur in 2027, and that UT Austin specifically and demonstrably intends to enter the competitive situation again in the future. Supp. CR 676–677.

**D.** *Any waivers of sovereign immunity within Tex. Gov't Code section 552.321 are inapposite to Ford's claims against President Davis.*

In addition to the reasons above, the Court also lacks jurisdiction over Ford's Tex. Gov't Code section 552.321 claim against Davis in his official capacity because Davis is not a proper party to this statutory claim. A plaintiff who sues under section 552.321 seeks a writ of mandamus compelling a ***governmental body*** to release public information to a requestor. Tex. Gov't Code § 552.321(a). While Ford's suit is essentially one brought under section 552.321, he cannot bring it against Davis, because Davis is a government official, and not a "governmental body" as defined by the PIA. *See* Tex. Gov't Code § 552.003(1). Davis does not share synonymous legal status with the educational institution he serves, UT Austin. A governmental

31

body cannot be conflated with its officers. *Cf. Patel v. Tex. Dep't of Licensing & Regul.*, 469 S.W.3d 69, 76 (Tex. 2015). And as defined by the PIA, a "governmental body" excludes officers. Tex. Gov. Code § 552.003(1). Regardless, Davis cannot be mandamused under section 552.321 because the requested information is not public, nor has the OAG determined it to be so. Consequently, there is no waiver of sovereign immunity to sue Davis under this section.

E. *Ford has not offered sufficient assertions of ultra vires acts.*

To challenge the validity of a government action, or the authority of a governmental actor to act, the proper mechanism is an *ultra vires* suit against "the state official whose acts or omissions allegedly trampled on the plaintiff's rights, not the state agency itself." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011); *Tex. Dep't of Ins. v. Reconveyance Svcs., Inc.*, 306 S.W.3d 256, 258 (Tex. 2010). Sovereign immunity does not bar an *ultra vires* suit seeking prospective injunctive relief against a state official in their official capacity for acting unlawfully. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009). But "[t]o fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* at 372. This rule "derives from the premise that the 'acts of officials which are not lawfully authorized are not acts of the State." *Id.* at 373. If the plaintiff has not actually alleged

32

an action taken without legal authority or the failure to perform a purely ministerial act, the claims remain jurisdictionally barred. *Hall v. McRaven*, 508 S.W.3d 232, 240–41 (Tex. 2017). "[M]erely asserting legal conclusions or labeling a defendant's actions as 'ultra vires,' 'illegal,' or 'unconstitutional' does not suffice to plead an ultra vires claim—what matters is whether the *facts* alleged constitute actions beyond the governmental actor's statutory authority, properly construed." *Texas Dept. of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 702 (Tex. App.—Austin 2011, no pet.) (emphasis in original); *see also Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515–16 (Tex. App.—Austin 2010, no pet.) (noting that "if the claimant is attempting to restrain a state officer's conduct on the grounds that it is unconstitutional, it must allege facts that actually constitute a constitutional violation" to fall within the ultra vires exception); *Tabrizi v. City of Austin,* 551 S.W.3d 290, 305 (Tex. App.—El Paso 2018, no pet.) (holding that the trial court lacked subject-matter jurisdiction because the pleaded facts did not allege a viable ultra vires claim); *Andrade*, 345 S.W.3d at 11 (holding that when an ultra vires claim is not "viable," sovereign immunity is retained).

The *ultra vires* exception does not apply to Ford's claims against Davis. Ford's only allegations of *ultra vires* acts in his appellate brief that are *not* raised for the first time on appeal allege that Davis improperly withheld from disclosure the information sought in Ford's PIA request. Appellant's Br. 32–34. Ford claims that

33

Davis had a duty to disclose Ford's requested information under Tex. Gov't Code 552.203(1), the PIA in general, and university policies. Appellant's Br. 32–34. In doing so, Ford asserts only legal conclusions without any factual enhancement. To state a viable claim for an *ultra vires* act against Davis, Ford must allege *facts* showing that Davis did not perform a ministerial duty or otherwise acted outside of his authority. *See Sunset Transp., Inc.,* 357 S.W.3d at 702; *Creedmoor-Maha Water Supply Corp.,* 307 S.W.3d at 515–16; *Tabrizi,* 551 S.W.3d 2at 305; *Andrade,* 345 S.W.3d at 11. Ford did not, and so without a viable claim, he has not demonstrated an exception—*ultra vires* or otherwise—to sovereign immunity.

Moreover, as a matter of law, Ford's *ultra vires* claim is not viable because Davis's alleged actions: (1) were within the bounds of his legal authority and (2) did not constitute failures to perform ministerial acts. These reasons will be addressed in turn.

### 1.    *Davis acted within his legal authority.*

To begin with, Ford's *ultra vires* claims must fail because Ford cannot establish that Davis acted outside of his legal authority. As Ford acknowledges, Davis was UT Austin's officer for public information. Appellant's Br. 34; Tex. Gov't Code § 552.201(a). Thus, Davis was authorized to release or withhold requested university information, and he may request open records rulings from the OAG regarding the PIA's application to respective requests for information. It is

34

undisputed that Davis acted consistent with this authority. Accordingly, Davis cannot be said to have acted outside of his authority when UT Austin could withhold Ford's requested information as also instructed by the OAG in its open records ruling. And Ford cannot attack this authorized decision to withhold simply because Ford disagrees with it—or even if it were erroneous. *Hall*, 508 S.W.3d at 242. Notably, the Texas Supreme Court has solidified this critical principle:

> Our intermediate courts of appeals have repeatedly stated that it is not an ultra vires act for an official or agency to make an erroneous decision while staying within its authority. Indeed, an ultra vires doctrine that requires nothing more than an identifiable mistake would not be a narrow exception to immunity: it would swallow immunity. After all, do not all successful lawsuits require a legal wrong? As important as a mistake may be, sovereign immunity comes with a price; it often allows the "improvident actions" of the government to go unredressed. […] Only when these improvident actions are unauthorized does an official shed the cloak of the sovereign and act ultra vires.

*Id.* Accordingly, Ford cannot establish an *ultra vires* claim against Davis for withholding information.

### 2. *Davis did not fail to perform a ministerial act.*

Alternatively, to the extent that disclosing requested information might be considered ministerial, the withholding of this information cannot be "a failure to perform a purely ministerial act." *Hall*, 508 S.W.3d at 240–41. UT Austin complied

with the PIA by submitting (through UT System[9]) a request for an open records ruling, stating any exceptions to disclosure therein. Supp. CR. 614–615; 618–621; Tex. Gov't Code § 552.301(a)–(b). Davis and UT Austin then abided by the OAG's decision—which was that the requested information may be withheld. Supp. CR. 622–623. Indeed, in all respects, Davis and UT Austin properly executed their duties in handling Plaintiff's request for information. Because Plaintiff's *ultra vires* claims against Davis are barred by sovereign immunity, this Court lacks subject matter jurisdiction over Plaintiff's claims against Davis. Therefore, Davis is entitled to dismissal of those claims with prejudice.

> 3. *Ford's allegations of ultra vires acts raised for the first time on appeal should not be considered and also fail.*

In addition to the alleged *ultra vires* acts discussed above, Ford states new grounds for *ultra vires* acts that are raised for the first time on appeal and therefore should not be considered on appeal. Appellant's Am. Br. 31–35. He claims that Davis has failed his duty as a financial officer to "file complete, accurate, timely, and understandable disclosure statements as required by applicable laws, rules, or policies" and has failed his duty "as the public information officer for the University"

---

[9] The University of Texas at Austin is a component institution of UT System. *See* Tex. Educ. Code § 65.02. UT System operates under several sets of rules and regulations, including the U.T. Systemwide Policies ("UTS"). UTS 139 governs systemwide compliance with the PIA. As part of that policy, only the UT System "Office of General Counsel is authorized to submit a request for ruling and the corresponding briefing to the Attorney General on behalf of U.T. System or U.T. System institutions." UTS 139, § 11.

"to file complete, accurate briefs to the attorney general concerning information requests to the University of Texas at Austin" under Tex. Gov't Code section 552.201. Appellant's Am. Br. 31. Ford additionally argues that Davis "has adversely affected my property right, which is the entitlement of access to Texas Public Information during normal business hours of the University of Texas at Austin" by not disclosing Ford's requested information. Appellant's Am. Br. 33. Further, Ford claims that as Davis had "responsibility for [UT Austin] 552.201 and .204," he failed his duty to "file with the trial court for in camera inspection of the information at issue" under Tex. Gov't Code section 552.3221 and that Davis "failed in his duty of uniform treatment without regard to the position or occupation of the requestor, which is also violation of his duty of all facility for the full exercise of the right granted by [The Texas Public Information Act]" under Tex. Gov't Code section 552.223 and 552.224 by not providing "a precise transfer of all the language of exceptions the President wishes to apply to information requests." Appellant's Am. Br. 34–35. These new allegations of *ultra vires* acts are untimely introduced on appeal and should therefore not be considered by the Court. *See* Tex. R. App. P. 38.1(f), (i); *Powell*, 479 S.W.3d at 408; *Zamarron*, 125 S.W.3d at 139. Not conceding this, UT Defendants will briefly address these new grounds as well for the sake of thoroughness.

Ford's new *ultra vires* allegations fall into three camps: (1) that Davis failed to provide sufficient briefing to the OAG concerning the exceptions to disclosure for the requested information in Ford's PIA request; (2) that Ford's "property right" was violated because Davis did not disclose the information sought in Ford's PIA request; and (3) that Davis failed to file with the trial court for in camera inspection of the information requested in Ford's PIA request. Appellant's Am. Br. 31–35. Each will be addressed in turn.

### a. Sufficient briefing was provided to the OAG.

For the reasons discussed at length above, UT System properly processed Ford's PIA request, including providing a sufficient and accurate final brief to the OAG delineating the exception to disclosure to the requested information sought in Ford's PIA request. Supp. CR. 605–623. Accordingly, Davis acted within his legal authority and did not fail to perform a ministerial act. Nor could Davis be held accountable for UT System's briefing, as only the UT System "Office of General Counsel is authorized to submit a request for ruling and the corresponding briefing to the Attorney General on behalf of U.T. System or U.T. System institutions." UTS 139, § 11.

### b. *Ford cannot establish a property right that Davis could have violated.*

As mentioned earlier, without further elaboration, Ford argues that Davis "adversely affected my property right, which is the entitlement of access to Texas Public Information during normal business hours of the University of Texas at Austin." Appellant's Am. Br. 33. In doing so, Ford has not identified where this property right comes from. Protected interests in property are normally not created by the Texas constitution; instead, an independent source, such as state statutes or rules entitling citizens to certain benefits normally create and define the dimensions of those interests. *Goss v. Lopez,* 419 U.S. 565, 573 (1975). Ford does not identify any source for this alleged property right, and on that ground alone, his claim must fail.

Ford's allegation of a violated property right would still fail even if it were liberally construed as a due process claim. To bring a due process claim under the Texas Constitution, the plaintiff must have an interest that is protected by the Constitution. *See Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 61 (Tex. 2018). A person has a constitutionally protected property interest only if he has a "legitimate claim of entitlement" to a benefit, rather than a mere "unilateral expectation" of receiving the benefit. *Honors Acad.,* 555 S.W.3d at 61. As a consequence, a constitutionally protected interest is "something more than a mere expectancy based [] on an anticipated continuance of existing law." *Klumb v.*

*Houston Mun. Emps. Pension Sys.,* 458 S.W.3d 1, 15 (Tex. 2015); *Bailey v. Smith,* 581 S.W.3d 374, 389 (Tex. App.—Austin 2019, pet. denied).

The PIA creates an entitlement, "unless otherwise expressly provided by law," for a person to request and obtain public information from governmental bodies. Tex. Gov't Code § 552.001(a). Certain categories of public information are excepted from disclosure (provided that the governmental body takes the necessary steps to assert the exception). *See, e.g.,* Tex. Gov't Code §§ 552.101–160. Consequently, the PIA does not give Ford a legitimate claim of entitlement to obtain copies of records that are exempted from public disclosure by the PIA or other law. Instead, Ford's right to public information is limited by the PIA and by other law.

Ford has not alleged facts that would demonstrate that his PIA request did not implicate those limitations in the PIA and other law. Accordingly, as Ford has not even alleged a constitutionally protected interest that would support a due process claim, his bare claim that his "property right" was "adversely affected" because the requested information was excepted from disclosure is nonviable and barred by sovereign immunity. *Andrade*, 345 S.W.3d at 11 (holding that a waiver to sovereign immunity cannot apply if the claim pled is not viable).

40

Davis simply was not obligated to file the requested information with the court for in camera inspection under Tex. Gov't Code section 552.3221. The Court did not mandate it, and it is otherwise optional under the statute. *Id.*

## V. Ford's claims are otherwise nonviable.

A trial court may consider evidence as necessary in a plea to the jurisdiction when the pleader "properly challenge the existence of those very jurisdictional facts." *Mission Consol. Indep. Sch. Dist.*, 372 S.W.3d at 635 (emphasis in original). In these scenarios, "a trial court's review of a plea to the jurisdiction mirrors that of a traditional summary judgment motion." *Id.* To prevail on a motion for summary judgment, a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant that conclusively negates at least one essential element of its opponent's cause of action or proves all the elements of its defense is entitled to summary judgment on that claim. *Elliott-Williams Co.*, 9 S.W.3d at 803. A defendant need not, however, show that the plaintiff cannot succeed on any conceivable theory; the defendant is only required to meet the plaintiff's case as pleaded. *See SmithKline Beecham Corp.*, 903 S.W.2d at 354.

41

Ford claims that the trial court "erred as a matter of law in granting the motion for summary judgment in favor of UT Austin" because UT Defendants could not bring a traditional motion for summary judgment, and that their motion for summary judgment failed the no-evidence standard. Appellant's Am. Br. 27–28. In doing so, he misinterprets *Town of Shady Shores v. Swanson*, wherein the Texas Supreme Court held that jurisdictional challenges could be brought by *both* traditional and no-evidence motions for summary judgment. 590 S.W.3d 544, 551 (Tex. 2019). UT Defendants' PTJ and MSJ properly brought a traditional motion for summary judgment.

For the additional reasons discussed *infra*, the Court properly granted UT Defendants' PTJ and MSJ, as UT Defendants are entitled to judgment as a matter of law and dismissal of Ford's claims against them because said claims are conclusively negated by the evidence.

### A. Ford cannot obtain mandamus relief against UT Defendants under section 552.321.

A requestor may file suit for a writ of mandamus against a governmental body only if the governmental body (1) "refuses to request an attorney general's decision" or (2) "refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure." Tex. Gov't Code § 552.321(a). To obtain mandamus relief, the petitioner must demonstrate a clear abuse of discretion or violation of duty imposed by law in the

withholding of the requested information. *Felix v. Thaler*, 923 S.W.2d 650, 651 (Tex. App.—Houston [1st Dist.] 1995, no writ); *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). When a petitioner seeks a writ of mandamus to compel disclosure of information under the PIA, the withholding governmental body has the burden to establish that the requested information is *not* public information. *Fallon*, 586 S.W.3d at 48 (citing *Adkisson*, 459 S.W.3d at 772.

> 1. *The prerequisites to filing a mandamus petition under section 552.321(a) were not met; therefore, Plaintiff is not entitled to a section 552.321 claim for a writ of mandamus against UT Defendants.*

Texas Government Code section 552.321(a) provides that a requestor or the attorney general may file suit for a writ of mandamus against a governmental body if the governmental body (1) "refuses to request an attorney general's decision" or (2) "refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure." *Id.* Neither prerequisite to filing suit under section 552.321(a) has been met here. As discussed at length above, UT System (on behalf of UT Austin) properly requested an open records ruling from the OAG on December 19, 2023. Supp. CR. 614–615; 618–621. And UT Austin did not withhold any information deemed public. Conversely, it disclosed all requested information determined to be public either by itself, UT System, or the OAG—Request #4. Supp. CR. 618–619.

By establishing that the prerequisites to filing a mandamus petition under section 552.321 of the Texas Government Code have not been met in this case, UT Defendants have conclusively negated the elements of Ford's mandamus action. Consequently, Ford's claim for a mandamus petition should be dismissed.

        2.     *UT Defendants show that Plaintiff's requested information is not public information.*

As discussed above, the summary judgment evidence clearly demonstrates that UT Defendants have met their burden in proving that Ford's requested information is nonpublic information under Tex. Gov't Code section 552.104(a). Supp. CR. 618–621. *See Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*, 586 S.W.3d 37, 48 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *Adkisson v. Paxton*, 459 S.W.3d 761, 772 (Tex. App.—Austin 2015, no pet.)). UT System's initial brief to the OAG, (Supp. CR. 614–615), UT System's final brief to the OAG (Supp. CR 618–621), the OAG's Letter Ruling (Supp. CR. 622–623), and Professor Bhat's Declaration (Supp. CR. 676–677) establish the nonpublic nature of Plaintiff's requested information by explaining the particular nature of the documents that are responsive to Ford's PIA Request and why these documents are excepted from disclosure under section 552.104(a). UT System based its decision (to withhold the requested information under section 552.104) on the information's nature as assessed by its author, custodian, and party responsible for coordinating the grant competition bidding process involving the information, Professor Chandrasekhar

44

Bhat ("Bhat"). Supp. CR. 676–677. In particular, Professor Bhat has determined that release of Plaintiff's requested information would provide advantage to a competitor, that that he anticipated that the competitive situation was set to reoccur in 2027, and that UT Austin specifically and demonstrably intends to enter the competitive situation again in the future. Supp. CR. 676–677.

> 3. *Ford cannot demonstrate a clear abuse of discretion or violation of duty imposed by law in the withholding of the requested information.*

As discussed above, Ford has failed to plead facts that disprove UT Defendants' exception to disclosure under Texas Government Code section 552.104(a). At the same time, UT Defendants have demonstrated that, under said statutory exception, Ford's requested information should not be disclosed in this case. Accordingly, it follows that Ford cannot demonstrate a clear abuse of discretion or violation of duty imposed by law in UT Defendants' withholding of the requested information. Thus, Ford is not entitled to mandamus relief under the PIA. *See Felix*, 923 S.W.2d at 651; *Walker*, 679 S.W.2d at 485.

## VI. UT Defendants' summary judgment evidence in support of its PTJ and MSJ should not be struck.

To the extent that they have not already been addressed above, Ford's untimely and inapposite objections to UT Defendants' summary judgment evidence will be discussed below.

45

*A.*     *Professor Bhat's declaration is valid and does not present a fact issue.*

Ford attacks Bhat's declaration (attached as evidence to UT Defendants' PTJ and MSJ, Supp. CR. 676–766), arguing that it must be struck as "utterly incompetent and conclusory and inadmissible under rules of evidence" because Bhat is not an attorney and because UT System's final brief does not contain the same exact words as Bhat's declaration. Appellant's Br. 36–37. To begin, these are not legitimate objections under the Texas Rules of Evidence.

Further, in addition to the obvious fact that declarants are not limited to attorneys, the fact that Bhat's assessment of the requested information's nature was considered by UT System in determining whether said information would be excepted from disclosure under Tex. Gov't Code section 552.104(a) does not present any concerns. Bhat's declaration is based on his personal knowledge as Director of the National Center for Understanding Future Travel Behavior and Demand at UT Austin, a National University Transportation Center ("UTC"). Supp. CR. 676. In this position, he coordinated the bidding process, on behalf of UT Austin, for the U.S. Department of Transportation's UTC grant competitions. Supp. CR. 676. As such, he is intimately familiar with the requested information in this case, which are various materials transmitted and related to documents exchanged between UT Austin and the U.S. Department of Transportation as part of the UTC grant bidding process for several federal grants. Supp. CR. 676. Bhat's declaration explains all this

46

and provides numerous reasons for why Bhat believes that the requested information should be withheld based on its nature. Supp. CR. 676–677. Bhat communicated these reasons to UT System, who, after interpreting these reasons to qualify for the requested information's exception from disclosure under section 554.104(a) of the Texas Government Code, relayed this to the OAG for use in its final brief. Supp. CR. 578–579, 601, 618–621.

The fact that UT System's final brief did not include the exact same words as Bhat's declaration is negligible, as both the declaration and final brief assert the same reasons that the requested information should be withheld under section 552.104(a), namely, since it would provide advantage to a competitor, that the competitive situation was set to reoccur, and that UT Austin specifically and demonstrably intends to enter the competitive situation again in the future. Supp. CR. 618–621, 676–677.

> **B.** *Exhibit A to UT Defendants' PTJ and MSJ is valid and does not present a fact issue.*

Ford confusingly appears to object to Exhibit A of UT Defendants' PTJ and MSJ under the best evidence rule and claims that UT Austin is "committing fraud." Appellant's Am. Br. 38. To begin, this objection is untimely, as Ford had not asserted this objection in a timely response to Exhibit A of UT Defendants' PTJ and MSJ as required under Tex. R. Civ. P. 166a(c). Further, this does not present a fact issue or change the outcome of this lawsuit, and the objection is unsubstantiated.

47

Exhibit A consists of screenshots of UT Austin's Public Information Portal Webpage with 1) Ford's Public Information Request, dated December 2, 2023; 2) UT System's Clarification Request, dated December 5, 2023; and 3) Ford's Response to UT System's Clarification Request, dated December 5, 2023. Supp. CR. 605–611. UT Defendants submitted a PDF of a "print" version of the portal webpage as Exhibit A to their PTJ and MSJ. Supp. CR. 605–611. For some reason, the "print" version did not include some of the drop-down information within the various subcategories on the webpage portal. Supp. CR. 605–611. UT Defendants did not (and still do not) see that this raises any fact issue. Any additional webpage information outside of the copies of the three emailed letters is unintended, irrelevant, insignificant, and inapposite to this case.[10] *See* Tex. R. Civ. P. 192.3. The purpose of Exhibit A to the PTJ and MSJ was to produce copies of the aforementioned correspondence—not other elements of the webpage portal. Further, as evidenced to the point of exhaustion in UT Defendants' PTJ and MSJ and attached exhibits and incorporated by reference here, UT Austin (through UT System) followed every required step under the PIA regarding Ford's PIA request, including submitting numerous briefings to the Attorney General regarding the applicability of exemptions to disclosure under the PIA. Supp. CR. 578–579, 595–598, 605–621,

---

[10] UT Defendants later submitted a screenshotted version of the same requests on the same webpage portal. Supp. CR. 753–762. This screenshotted capture of the webpage includes the aforementioned drop-down information, with nothing of significance. Supp. CR. 753–762.

48

676–677. In evaluating the applicability of any exemptions to disclosure, the Court need only evaluate the reasons as submitted by UT System and the Attorney General in their briefings (Supp. CR. 614–623, 676–677), not the former's internal document management system as found in the webpage portal. Nor does the correspondence between UT Austin and Ford that is the intended subject of Exhibit A even discuss any exemptions to disclosure. Supp. CR. 605–611.

C. *UT System's Final Brief to the OAG is valid and does not present a fact issue.*

Ford claims that the final brief sent to the OAG and himself regarding his PIA request (Supp. CR. 618–621) is "inadmissible hearsay." Appellant's Am. Br. 22. This objection is untimely under Tex. R. Civ. P. 166a(c). Also, the final brief is certified in a business records declaration (Supp. CR. 616–617) and thereby qualifies as an exception to hearsay under Tex. R. Evid. 803(6) and is self-authenticating under Tex. R. Evid. 902(10).

Ford also appears to object to UT System's final brief as "fraudulent," which is not a valid objection under the Texas Rules of Evidence, nor would it be timely under Tex. R. Civ. P. 166a(c). Appellant's Am. Br. 37–38. Ford argues that the final brief is fraudulent because it fails to properly delineate an exception to disclosure and because another exhibit, Exhibit A to the PTJ and MSJ, allegedly violates the best evidence rule. Appellant's Am. Br. 37–38. To begin, the final brief is certified in a business records declaration (Supp. CR. 616–617) and is self-authenticating

49

under Tex. R. Evid. 902(10). Further, UT System's final brief is not fraudulent in its discussion of the applicable exception to disclosure under Tex. Gov't Code section 552.104(a) for the information sought in Ford's PIA request, nor does it present a fact issue, for the reasons discussed in Section IV.C above. Moreover, Exhibit A and the final brief are separate exhibits, and for the reasons discussed in Section VI.B above, Exhibit A does not violate the best evidence rule. In addition, in evaluating the applicability of any exemptions to disclosure, the Court need only evaluate the reasons as submitted by UT System and the Attorney General in their briefings (Supp. CR. 614–623, 676–677), not the former's internal document management system as found in the webpage portal in Exhibit A. Supp. CR. 605–611.

## VII. The trial court did not commit reversible error or abuse its discretion regarding Ford's requests for judicial notice at the hearing.

Ford incorrectly claims that at the July 15, 2025, hearing on UT Defendants' PTJ and MSJ, he "requested the trial court to at least acknowledge and judicially notice that the University of Texas at Austin was withholding information responsive to my information request" and that she refused to do so. Appellant's Am. Br. 23, 29. On the contrary, at said hearing, Ford stated, "So the Court is taking judicial notice that UT Austin is withholding public information?" to which the Court responded in the negative. RR. 49. Judicial notice is an evidentiary mechanism by which the Court can take notice of facts that *are not subject to reasonable dispute*

50

because they are generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Tex. R. Evid. 201. Ford's inappropriate request for judicial notice essentially amounted to a request for the trial court to decide in his favor on a hotly disputed question in this lawsuit: whether the information sought in Ford's PIA request is public. The trial court properly denied this request. RR. 49.

Ford also argues that the trial court improperly denied his requests for judicial notice on several URL links. Appellant's Am. Br. 38–42. At the hearing, Ford requested to take judicial notice of several "URLs and the information contained." RR. 40. The Court took judicial notice that one of the URL links "shows the closure date of the particular opportunity status you [Ford] are referring to." RR. 42. As discussed in Sections III and IV.C.1 above, Ford did not provide the URL links or their contents in any timely filed response to UT Defendants' PTJ and MSJ as required for them to be considered as summary judgment evidence under Tex. R. Civ. P. 166a(c), (d), nor did he file a timely response whatsoever. That counsel for UT Defendants mentioned at the hearing that she was unsure of what the contents of the URL links were does not raise a fact issue, as they were not included in the summary judgment evidence set for the hearing, and Ford did not even provide the contents of the URL links at the hearing. Nor did counsel for UT Defendants make a cutting signal across his neck "to call something off." Appellant's Am. Br. 43.

51

Notably, even if Ford's incompetent summary judgment were judicially noticed or admitted, it would not raise a genuine issue of material fact nor change the outcome here. Even if the UTC competition were not set to reoccur (which is not definitively the case, as, according to precedent, the competition occurs every five years and should therefore reopen in 2027), UT Defendants have still demonstrated a specific and demonstrable intent to enter into the competitive situation again in the future, warranting the withholding of the information sought in Ford's PIA request under Tex. Gov't Code section 552.104(a). Supp. CR. 618–621, 676–677. For the reasons discussed at length throughout this brief, the jurisdictional evidence conclusively demonstrates that sovereign immunity bars (1) Ford's Tex. Gov't Code section 552.321 claim against both UT Defendants and (2) Ford's *ultra vires* suit against Davis, warranting dismissal of Ford's claims against them for lack of subject matter jurisdiction. Further, UT Defendants are entitled to judgment as a matter of law because Ford's claims against them are conclusively negated by the summary judgment evidence.

## PRAYER

The Court should affirm the decision of the trial court and dismiss this case with prejudice.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Division Chief, General Litigation Division

*/s/ Rachel L. Behrendt*
**RACHEL L. BEHRENDT**
Texas Bar No. 24130871
Assistant Attorney General

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (737) 231-8329
Facsimile: (512) 320-0667
Rachel.Behrendt@oag.texas.gov

*COUNSEL FOR UT DEFENDANTS*

53

# CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this Brief of UT Defendants complies with Texas Rule of Appellate Procedure 9.4(i). The text is set to 14-point and the number of words in the document as calculated by the word count feature of Microsoft Word is 11,187.

*/s/ Rachel Behrendt*
RACHEL BEHRENDT
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on October 31, 2025, via the Court's electronic file manager system to all counsel of record who have appeared to date, and via first class and Certified Mail, Return Receipt Requested to:

Whittney Ford          (Plaintiff Pro Se)
4151 Wellborn Road
Apartment 1101A
Bryan, Texas 77801
Tel: (979) 264-4944
wjacksonford@gmail.com

CM/RRR#: 70041160000073108941

*/s/ Rachel Behrendt*
RACHEL BEHRENDT
Assistant Attorney General

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tristan Garza on behalf of Rachel Behrendt
Bar No. 24130871
tristan.garza@oag.texas.gov
Envelope ID: 107522271
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: CORRECTED APPELLEES BRIEF
Status as of 10/31/2025 11:25 AM CST

Associated Case Party: The University of Texas at Austin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Zachary Rhines | 24116957 | zachary.rhines@oag.texas.gov | 10/31/2025 10:31:53 AM | SENT |
| Martin Cohick | 24134042 | martin.cohick@oag.texas.gov | 10/31/2025 10:31:53 AM | SENT |
| Rachel Behrendt | 24130871 | rachel.behrendt@oag.texas.gov | 10/31/2025 10:31:53 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 10/31/2025 10:31:53 AM | SENT |
| Ariana Ines | | ariana.ines@oag.texas.gov | 10/31/2025 10:31:53 AM | SENT |
| Tristan AGarza | | tristan.garza@oag.texas.gov | 10/31/2025 10:31:53 AM | SENT |

Associated Case Party: Whittney Ford

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Whitney Ford | | wjacksonford@gmail.com | 10/31/2025 10:31:53 AM | SENT |